# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-00214-MR-DSC

| | |
|---|---|
| PYOTR MIKHAIL RYCHENKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| MELODY BOYD BURNETTE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss" (document #12) and "Memorandum in Support …" (document #13).

On December 5, 2016, the Court entered an "Order" "[i]n accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) … advis[ing] Plaintiff, who is proceeding pro se, that he has a right to respond to Defendants' Motion. The Court also advise[d] Plaintiff that failure to respond may result in Defendants being granted the relief they seek, that is, the DISMISSAL OF THE COMPLAINT WITH PREJUDICE." Document #14 (emphasis in original).

The Court "allow[ed] until January 5, 2017 [for Plaintiff] to respond to Defendants' 'Motion to Dismiss' …" with three days for mailing. Id. That same day, the Clerk's office mailed a copy of the Order to Plaintiff.

On December 12, 2016, the Clerk's letter to Plaintiff was returned "undeliverable unable to forward." Document #15.

Plaintiff has not responded to the Motion to Dismiss, nor contacted the Court to provide his current mailing address.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Accepting the factual allegations of the Complaint as true, Defendants Melody Burnette, Patricia Boyd, and Dan Boyd are the owners of Mad Mama's River Run Campground in McDowell County, North Carolina. Defendant Burnette acts as the manager of the property. Sometime in January 2016, an unnamed employee of Plaintiff contacted Mad Mama's River Run Campground in order to rent a campsite. Defendants collected a security deposit of $130.00 from the employee. Plaintiff or his employees extended the rental of the campsite for the months of February and March 2016. Plaintiff did not use the campsite during the month of January, and did not arrive at the campsite until sometime in February.

Plaintiff alleges that from March 15, 2016 through March 23, 2016, Defendants disparaged him and his employees after learning that he was a Minister of the Church of the Serpent. Plaintiff alleges that Defendant Burnette chased his employee, attempted to forcibly enter his camper, and threatened to burn the camper. As a result, Plaintiff removed the camper and was never refunded his security deposit or the advance rental payments. Plaintiff alleges that the actions of the Defendants were based solely upon his religion.

On June 27, 2016, Plaintiff filed his Complaint alleging religious discrimination in public accommodations in violation of Title II of the Civil Rights Act of 1964, 42 USC. §2000a ("Title II"). Plaintiff seeks $100,000 in compensatory damages as well as punitive damages and costs.

On November 8, 2016, Defendants filed their Motion to Dismiss which is ripe for disposition.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true).

Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's claim under Title II should be dismissed because he has sought monetary damages when only injunctive relief is available under the statute. 42 U.S.C. § 2000a-3(a) clearly states that the only remedy available under Title II is injunctive or other preventative relief. "A Title II suit is thus private in form only. When a Plaintiff brings an action under that Title, he cannot recover damages." Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968).

Plaintiff alleges that he suffered discrimination in a public accommodation based upon his religion. He seeks only compensatory damages in the amount of $100,000.00 and punitive damages. Both are unavailable under the statute.

Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' "Motion to Dismiss" (document #12) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, to defense counsel, and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: January 12, 2017

David S. Cayer
United States Magistrate Judge